**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12777

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUIS RAUL VICENTE FONSECA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20844-RNS-1

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Raul Vicente Fonseca appeals pro se the denial of a postconviction motion to dismiss his criminal indictment for lack of subject-matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1) and (h)(3).  The United States moves for summary affirmance.  We grant the motion and affirm.

Summary disposition is appropriate in certain situations, including those where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Here, both are true.

The Federal Rules of Civil Procedure have no application to the criminal action against Fonseca.  *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).  On the other hand, the Federal Rules of Criminal Procedure allow a criminal defendant to argue that the court lacks jurisdiction "at any time while the case is pending."  Fed. R. Crim. P. 12(b)(2).  But as this Court explained last year in a previous frivolous appeal, Fonseca's case has not been pending since we affirmed his conviction on direct appeal and issued our mandate in 2023.  *See United States v. Fonseca*, No. 24-12677, 2025 WL 400040, at *2 (11th Cir. Feb. 5, 2025) (case not pending); *United States v. Fonseca*, No. 22-13152, 2023 WL 7272320, at *5 (11th Cir. Nov. 3, 2023) (direct appeal); *cf. United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009).  And that means that the district court lacked authority to consider Fonseca's motion.  *Elso*, 571 F.3d at 1166.

---

[1] *Groendyke* is binding on this Court under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

25-12777                    Opinion of the Court                    3

⋆    ⋆    ⋆

The government's position is "clearly right as a matter of law." *Groendyke*, 406 F.2d at 1162. We **GRANT** the motion for summary affirmance and **AFFIRM**.